THOMAS A. O'DONNELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 52987, 62979. Promulgated August 29, 1935.

1278

*Thomas R. Dempsey, Esq.*, and *A. Calder Mackay, Esq.*, for the petitioner.

*I. Graff, Esq.*, for the respondent.

## OPINION.

BLACK: The respondent does not question the good faith of the parties, contending that it is merely a question of law as to which party is taxable upon the sums received. It is the contention of the respondent that the mere transfer or assignment of income to be acquired in the future without the transfer or assignment of the contract from which the right to the income arises is not sufficient to relieve the assignor (petitioner) from liability for income tax thereon.

On the other hand, the petitioner contends that the only beneficial interest arising under the contract after the sale of his interest in the San Gabriel Petroleum Co. properties was the right to receive one third of the net profits from the development and operation of those properties; that this right was a property right, which was assignable either with or without the contract itself; and that subsequent income therefrom was not taxable to the petitioner.

In the case of *William Ernest Seatree*, 25 B. T. A. 396, we said:

It is well settled that an assignment of income does not relieve the assignor of the tax thereon, but that if property or property rights are assigned the income subsequently arising therefrom is not taxable to the assignor, for the reason that the property no longer belongs to him and therefore the income from such property belongs, not to him, but to the new owner. [Citing cases.]

This is the general rule established by the decisions of this Board and the courts, but the difficulty arises in its application. *Walter L. Ross*, 30 B. T. A. 496. In the *Seatree* case, *supra*, the petitioner was entitled under articles of partnership to receive amounts equal to four shares of the firm's profits for a period of three years after his retirement from the firm. He executed a written instrument under seal by which " in consideration of the sum of one dollar, the receipt whereof is duly acknowledged and other good and valuable considerations " he transferred and assigned to the Equitable Trust Co. of New York, in trust for his two minor daughters, " all my rights, title and interest in and to four undivided shares of the profits or income now due or which may hereafter become due and payable to me for three years ending June 30, 1924, under and by virtue of the partnership agreements." On these facts we held that Seatree's interest was in the nature of a capital asset; that the above quoted assignment transferred not merely future income, but a present property right; and that income subsequently arising therefrom was not taxable to the petitioner, William Ernest Seatree. Our decision was affirmed by the United States Court of Appeals for the District of Columbia, 72 Fed. (2d) 67.

So it is, we think, in the instant case. Looking to the testimony of petitioner, we find that it is replete with statements which show that it was his intention to give to Mrs. O'Donnell not only the income itself, but also the right to receive the income, which right petitioner considered to be a valuable property.

Petitioner gave his wife the means of obtaining possession and control of the thing given in the only manner possible, by informing the California Petroleum Corporation that he had transferred the income accruing to him under said contract to his wife, and directing the company to make all future payments to her. The gift, having once been made, is irrevocable by the donor. Section 1148 of the Civil Code of California provides: "A gift, other than a gift in view of death, cannot be revoked by the giver."

It is the well established rule that delivery of a gift can be made by the donor to a third person for the benefit of the donee, 22 A. L. R. 765, and cases therein cited. When the petitioner gave the company the letter informing it that all of petitioner's rights were assigned to his wife and directed it to make all future pay-

ments to his wife, he made a delivery of the corpus of the gift to her; he gave her the means of obtaining possession and control of the gift, and the gift was thereby completed. From the moment the company received that letter from the petitioner the petitioner could not direct the payment of such income to any person other than his wife; neither could he, by any legal action, compel the company to pay the income to him. Once the gift was completed, by enabling his wife to obtain possession and control of the right to receive the income, his dominion over the disposition of his former share of the profits terminated.

On this issue we hold for petitioner. Cf. *Nelson* v. *Ferguson*, 56 Fed. (2d) 121; *Walter L. Ross*, 30 B. T. A. 496; *J. M. Kessler*, 31 B. T. A. 849; *Copland* v. *Commissioner*, 41 Fed. (2d) 501; *Lowery* v. *Helvering*, 70 Fed. (2d) 713.

Whether petitioner is entitled to a depletion allowance against the amounts received by him in 1925 and 1926 under his contract with the Petroleum Midway Co. Ltd., depends upon whether he had an economic interest in the oil in place within the meaning of the decision of the Supreme Court in *Palmer* v. *Bender*, 287 U. S. 551. Petitioner relies upon this case in support of his claim for depletion.

As has been pointed out in our findings of fact, when petitioner sold his stock in the San Gabriel Petroleum Co. to the Petroleum Midway Co. Ltd., the consideration was that the San Gabriel Co. was to be dissolved and its oil properties were to be transferred to the Petroleum Midway Co. and operated by it, and petitioner was to receive one third of the profits from such operation. Also in our findings of fact we have found that all the payments here in question made to petitioner in 1925 and up to August 4, 1926, were made from profits derived from the production and sale of oil, gas, and other hydrocarbon substances produced from the properties formerly owned by the San Gabriel Co. In *Signal Gasoline Corporation* v. *Commissioner*, 66 Fed. (2d) 886, the court discussed the meaning and application of the Supreme Court's decision in *Palmer* v. *Bender, supra,* and, among other things, said:

In that decision the court pointed out that the statute here involved permits a reasonable depletion allowance to be made " in the case of oil and gas wells * * * according to the peculiar conditions in each case "; that there is nothing in the statute or regulations to confine a depletion allowance to persons who are technical lessors; and that the concluding sentence of the section, to the effect that, in the case of leases, deductions shall be equitably apportioned between lessor and lessee, indicates that depletion deductions may be allowed in other cases. The court expressed the opinion that the language of the statute is broad enough to permit a depletion allowance in every case where a taxpayer had acquired, by investment, any interest in the oil in place, and acquires, by any form of legal relationship, income derived from the extraction of the oil, to which the taxpayer must look for a return of his capital. The court also

stated that the right to a depletion allowance does not depend upon the retention of ownership or special form of legal interest in the mineral content of the land, but upon his right to share in the oil produced. In short, the court made it clear that the lessor, lessee, or any other person having or acquiring an interest in the oil in place or a right to share in the oil produced, has such an economic interest in the oil that he is entitled to a depletion allowance.

Accordingly, the right to a depletion allowance does not depend upon the nature or character of the legal estate retained or acquired by the parties to an original oil and gas lease or their successors, but depends entirely upon whether any such parties are entitled to share in the oil and gas produced from the properties. If any of such parties are entitled to a share of the oil and gas, he had the "economic interest" upon which the Supreme Court bases the right to a depletion allowance.

We think that petitioner, by virtue of his right to receive one third of the net profits from the oil produced from the San Gabriel properties, brings himself within the rules above announced and is entitled to the percentage depletion allowed by the applicable statute. On this issue we hold for petitioner. Cf. *W. S. Green*, 26 B. T. A. 1017; *Chester Addison Jones*, 31 B. T. A. 55; *William Fleming*, 31 B. T. A. 623.

*Decision will be entered under Rule 50.*